UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

KELLY CHRISTINE BURGESS BREEZEE,

                 Plaintiff,

v.                                                                                  5:14-CV-1114
                                                                                    (GTS)
CAROLYN W. COLVIN, Acting Comm'r
of Soc. Sec.,

                 Defendant.
_____

APPEARANCES:                                          OF COUNSEL:

OLINKSY LAW GROUP                                     HOWARD D. OLINSKY, ESQ.
  Counsel for Plaintiff
300 S. State Street, Suite 420
Syracuse, NY 13202

U.S. SOCIAL SECURITY ADMIN.                           EMILY M. FISHMAN, ESQ.
OFFICE OF REG'L GEN. COUNSEL – REGION II              Special Assistant U.S. Attorney
  Counsel for Defendant
26 Federal Plaza – Room 3904
New York, NY 10278

GLENN T. SUDDABY, Chief United States District Judge

## DECISION and ORDER

      Currently before the Court, in this Social Security action filed by Kelly Christine Burgess Breezee ("Plaintiff") against the Acting Commissioner of Social Security ("Defendant" or "the Commissioner") pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), is Defendant's motion to dismiss the Complaint as untimely. (Dkt. No. 8.) Plaintiff does not oppose the motion. (Dkt. No. 10 [Pl.'s Mem. of Law].) For the reasons set forth below, Defendant's motion is granted.

**I.      RELEVANT BACKGROUND**

On April 4, 2014, the Appeals Council denied Plaintiff's request for review of the Administrative Law Judge's denial of her claim for Social Security Disability benefits. (Dkt. No. 1 ¶ 3 [Complaint].) The letter from the Appeals Council was returned to sender due to an expired U.S. Postal Service forwarding order, and the Social Security Administration received the returned letter on May 12, 2014. (*Id.* ¶ 7.) The letter was re-sent on June 17, 2014. (*Id.* ¶ 8.) Plaintiff commenced this action on September 9, 2014. (Dkt. No. 1 [Complaint].) Defendant has moved to dismiss the Complaint as untimely. (Dkt. No. 8.)

**II.     RELEVANT LEGAL STANDARD**

The limitations period for appeals from the final decision of the Commissioner of Social Security are contained in 42 U.S.C. §§ 405(g), and (h). These sections state as follows:

> (g) Judicial Review. Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by *a civil action commenced within sixty days* after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow. . . .
>
> (h) Finality of the Commissioner's decision. The findings and decisions of the Commissioner of Social Security after a hearing shall be binding upon all individuals who were parties to such hearing. No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided.

42 U.S.C. § 405(g)-(h) (emphasis added). The Second Circuit recognizes this sixty (60) day statute of limitations. *Wong v. Bowen*, 854 F.2d 630, 631 (2d Cir. 1988).

The Commissioner interprets the date of mailing as the date the claimant received notice of the Appeals Council's action. 20 C.F.R. § 404.981. Absent evidence to the contrary, a

claimant is presumed to have received notice five (5) days after the notice was mailed. 20 C.F.R. §§ 404.901, 442.210(c). The claimant then has sixty (60) days from that date to commence a civil action. *Id.*

### III. ANALYSIS

Generally, Defendant argues that, even if the statute of limitations is equitably tolled for the time between the original mailing and the second one, Plaintiff only had until August 21, 2014, to commence this action. (Dkt. No. 8-1 at 2 [Def.'s Mem. of Law].) This date is sixty-five days after the letter was mailed the second time. Defendant notes that Plaintiff has provided no explanation for her failure to file until September 9, 2014. (*Id.*)

Plaintiff does not oppose the motion. (Dkt. No. 10 at 1 [Pl.'s Response].) In this District, where a properly filed motion is unopposed, the movant's burden is lightened such that, in order to succeed, the movant need only show facial merit in support of its motion, which has appropriately been characterized as a lightened burden. *See* N.D.N.Y. L.R. 7.1(b)(3) ("Where a properly filed motion is unopposed and the Court determined that the moving party has met to demonstrate entitlement to the relief requested therein . . . ."); *Rusyniak v. Gensini*, 07-CV-0279, 2009 WL 3672105, at *1, n.1 (N.D.N.Y. Oct. 30, 2009) (Suddaby, J.) (collecting cases); *Este-Green v. Astrue*, 09-CV-0722, 2009 WL2473509, at *2 & nn.2, 3 (N.D.N.Y. Aug. 7, 2009) (Suddaby, J.) (collecting cases).

After careful consideration, the Court finds that Defendant has met this lightened burden for the reasons provided by the Commissioner.

**ACCORDINGLY,** it is

**ORDERED** that Defendant's motion to dismiss (Dkt. No. 8) is **GRANTED**; and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED with prejudice**; and it is further

**ORDERED** that the Clerk of the Court shall close this case.

Dated: September 28, 2015
Syracuse, New York

_____
Hon. Glenn T. Suddaby
Chief, U.S. District Judge